IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERIC HENDERSON, 09037237,<br>          Plaintiff, | )<br>)<br>) |
| v. | )    No. 3:09-CV-2274-M<br>) |
| PARKLAND HEALTH ORTHOPEDIC<br>CLINIC, ET AL.,<br>          Defendants. | )<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Dallas County Jail in Dallas, Texas. Defendants are the Parkland Health Orthopedic Unit ("Parkland"), the Dallas County Sheriff's Department, Sheriff Lupe Valdez, Nurse June Head and Nurse Robinson. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Plaintiff claims Defendants provided him inadequate medical care. He states Defendant Parkland performed two unnecessary surgeries on his knee and misdiagnosed his knee condition. He states the Dallas County Sheriff's Department would not transport him to physical therapy. He claims Nurse Head did not properly schedule his physical therapy and she discussed his medical condition in front of other people. He states Nurse

Robinson denied him medication, stating he did not have the medication. He also states he wrote Sheriff Valdez letters informing her of these facts, but she did not respond.

Plaintiff seeks one and half million dollars in damages, and payment of his future medical costs and his son's future medical costs.

<u>Findings and Conclusions</u>:   The Court has permitted Plaintiff to proceed *in forma pauperis* (IFP). His complaint is therefore subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). <u>See also</u> 28 U.S.C. § 1915(e)(2)(B).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

A.  <u>Dallas County Sheriff's Department</u>

Plaintiff seeks to sue the Dallas County Sheriff's Department. A plaintiff may not bring

2

a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). The Dallas County Sheriff's Department is not a separate legal entity subject to suit and therefore is not a proper party in this case. *See Darby*, 939 F.2d at 313-14 (holding that a police department is not a jural entity); *Magnett v. Dallas County Sheriff's Department*, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998 (holding Dallas County Sheriff's Department is not a legal entity). Plaintiff's claims against the Dallas County Sheriff's should be dismissed.

### B.  Sheriff Lupe Valdez

Plaintiff also seeks to sue Sheriff Lupe Valdez. To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. See Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95 (1978); Bigford v. Taylor, 834 F.2d 1213, 1220 (5th Cir. 1988); Thibodeaux v. Arceneaux, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Grandstaff v. City of Borger, 767 F.2d 161, 169-70 (5th Cir. 1985).

Plaintiff states he sent Sheriff Valdez letters regarding his complaints. There is no evidence, however, that Sheriff Valdez ever saw any of these letters or had knowledge of Plaintiff's medical complaints. Plaintiff's complaint also fails to allege a sufficient causal

connection between Sheriff Valdez's alleged conduct and any constitutional violation. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir.1987). "As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005) (quoting Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995)); see also Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983) (same). Therefore, the claims against Sheriff Valdez lack an arguable basis in law and should be dismissed as frivolous.

### C. Medical Claims

Plaintiff's claims regarding denial or delay of medical care lack an arguable basis in law and should be dismissed as frivolous. To state a colorable claim under the Eighth Amendment for denial of medical care, an inmate must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." Norton, 122 F.3d at 291. It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 837-840, 114 S.Ct. 1970, 1979-80, 128 L.Ed.2d 811 (1994).

Plaintiff states he entered the Dallas County Jail on May 15, 2009. On June 10, 2009, he was seen by medical personnel at the jail regarding his knee. The medical personnel drained fluid from his knee, took blood and sent it to the lab, and scheduled Plaintiff for an MRI, X-ray

and orthoscopic exam.  (Answer No. 5, Magistrate Judge's Questionnaire).

On July 1, 2009, Plaintiff was seen by an orthoscopic doctor.  The doctors drained fluid from his knee, took X-rays, blood for lab work and an MRI.  (*Id*.)

On July 28, 2009, doctors performed surgery on Plaintiff's knee and he was returned to jail.  (*Id*.)  On July 29, 2009, Plaintiff told jail personnel his leg was numb and it was hard to breathe.  On August 12, 2009, Plaintiff was again examined by an orthoscopic doctor.  (*Id*.)  Plaintiff states the doctor told him he would need additional surgery.

On August 14, 2009, Plaintiff states his entire leg and foot were swollen.  Jail personnel transferred him to Parkland Hospital.  (*Id*.)  Plaintiff states the doctors attempted to drain his knee.  On September 1, 2009, Plaintiff underwent a second knee surgery.  (*Id*.)  He states he stayed in the hospital for eight days.  He states he has not been able to walk since the surgery.

On October 29, 2009, Plaintiff was again examined by doctors at Parkland Hospital.  (*Id*.)  Doctors drained fluid from his knee, gave him medication and sent him to a rheumatologist.

Plaintiff alleges the doctors misdiagnosed his knee problem and he should not have received surgery.

Accepting Plaintiff's allegations as true and resolving all disputed facts in his favor, Plaintiff cannot raise a claim cognizable under § 1983.  Plaintiff disagrees with the type of treatment he received.  A disagreement of opinion as to the correct medication and/or medical treatment does not constitute an actionable civil rights claim, but at most, a possible claim of medical malpractice appropriately addressed under state law.  E.g. Estelle, 429 U.S. at 107-108; Norton, 122 F.3d at 292; Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Fielder v.

5

Bosshard 590 F.2d 105, 107 (5th Cir. 1979).

     Next Plaintiff complains that nurse Robinson denied him his medicine by stating he did not have the medicine.  Plaintiff states, however, he did receive medication that was prescribed on October 29, 2009.  He also states Nurse Head only sent him to rehabilitation services when she wanted him to go, that she took his away his walker and that she talked about his medical condition "in front of everyone."  Accepting these allegations as true, it amounts at the most to negligence, which is not cognizable under § 1983.  See Daniels v. Williams, 474 U.S. 327 (1986);  Davidson v. Cannon, 474 U.S. 344 (1986); Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).  Plaintiff's complaint is devoid of any allegations that he suffered any injuries as a result of the delay in receiving medications or rehabilitation services.  He has not stated when he his walker was removed, for how long, or how the absence of a walker caused him serious harm.  He has also shown no constitutional violation by his allegation that Nurse Head talked about his medical condition in front of other people.  Plaintiff's claims are without merit and should be dismissed.

RECOMMENDATION:

     For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous.  See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

     Signed this 18th day of May, 2010.

     _____
     PAUL D. STICKNEY
     UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).